## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No. 15-cv-02223-CMA
Criminal Case No. 09-cr-00266-CMA

UNITED STATES OF AMERICA,

     Plaintiff,

v.

GARY L. WALKER

     Defendant.

---

## MOTION TO UNSEAL COURT RECORDS

---

     This Court held an evidentiary hearing on June 12, 15, and 16, 2017 on Defendant's Petition for relief pursuant to 28 U.S. Code § 2255. The Court received both documentary evidence and testimonial evidence over the course of the hearing. Based on information publically available and statements made by the Court at Defendant's resentencing hearing, it is clear that misinformation and innuendo about the Colorado Springs Fellowship Church ("CSFC") was laced throughout the 2255 hearing. The CSFC and the American public have a right to know what misinformation about the CSFC was disseminated during the 2255 hearing. The continued sealing of the transcript of the 2255 hearing (requested in Docket Nos. 1080 and 1081) as well as the continued sealing of all exhibits associated with the 2255 hearing, denies the public an understanding of the basis of the Court's reduction in Defendant's sentence and denies the CSFC and the public the right to access information regarding the misstatements made about the CSFC.

On behalf of the public, which has a constitutional "right of access to criminal proceedings and documents filed therein," the CSFC moves to unseal the above described records. *CBS, Inc. v. U.S. Dist. Court*, 765 F.2d 823, 825 (9th Cir. 1985). This Motion should be granted because the sealing orders issued by this Court violate the public's common law right to inspect judicial records. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978); *Valley Broadcasting Co. v. U.S. Dist. Court*, 798 F.2d 1289 (9th Cir. 1986). These rights cannot be sacrificed by the stipulation of the parties, nor by Defendant's derogatory, unsupported assertion that sealing is required to protect Defendant from "suffering continued retaliatory harassment from [CSFC]." *See* Docket No 1089 ¶4. "The District Court . . . should not turn [the determination as to whether or not filings should be made available to the public] over to the parties." *Procter & Gamble Co. v. Banker's Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). The CSFC states the grounds for this Motion as follows:

## BACKGROUND

The CSFC is a non-denominational church, and an institution where a relationship with God is stressed. Church members are taught how to form and maintain a relationship with God, and the Bible is the basis for all of the CSFC's teaching. The CSFC believes in showing God's love by being his hand extended, reaching out with kindness to help meet the needs of others, and the community at large, at every opportunity.

The CSFC Loving Kindness Program continually reaches out to the community with acts of goodwill. People of all ages and backgrounds have been touched in profound ways by the kindness and generosity of the CSFC family. The CSFC takes pride in the fact that it is known throughout the Colorado Springs area as "The Loving Kindness Church".

The CSFC strives to build a better community and unite all people through the following activities: the "Community Let's Talk" forum where the CSFC presents a multi-cultural panel of community organizers and leaders for questions and an open discussion; the CSFC's military appreciation programs – including providing free daycare and other assistance to military families, and a free dinner for military veterans once per month; the Homeless Outreach Program Engaged (HOPE) – helping to feed and transport the homeless population; and honoring and assisting law enforcement, medical workers, firefighters, motel and hotel workers, women in crisis, and the prison population.  The CSFC is a major positive contributor to the community at large, and strives to make this world a better place for all.

Due to the CSFC's standing in the community, CSFC is deeply concerned about the unfounded adverse impact on its ministry caused by the disparaging comments about the CSFC that appear to have been made during the 2255 hearing. The fact that the Court appears to have relied on those comments as a basis to reduce Defendant's sentence underscores the significance of the testimony content in question.  The public has a right to know the facts underlying the Court's decision to resentence Defendant, especially if the decision was even partially based on misleading and/or untrue statements.

The efficacy of the ministry of the Church hinges on its credibility in the community it seeks to impact.  Having a former member and leader testify to matters that challenge the sincerity and *bona fides* of a faith institution undermines the very message that institution seeks to deliver to the public.  In that sense, the very legitimacy of the CSFC is now at stake.  Thus, the CSFC requests the immediate unsealing of all documents associated with and introduced at the hearing, along with the immediate unsealing of the transcript associated with the proceeding.

## STANDING

As the Supreme Court has held, all members of the public must be given a right to be heard on the question of their exclusion from court hearings and records. *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 609 n.25 (1982). Further, it is well-settled that non-party members of the public and press do have standing to challenge the sealing of court hearings and records. *Daines v. Harrison*, 838 F. Supp. 1406, 1408 (D. Colo. 1993) (newspaper had standing to challenge sealing of settlement agreement); *U.S. v. McVeigh*, 918 F. Supp. 1452, 1456 (W.D. Okla. 1996) ("movants have standing to present these questions on behalf of themselves and the general public"); *see also Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 790 (1st Cir. 1988 (public advocacy group had standing to challenge protective order in tobacco litigation).

It is also well-settled that an interested third party may bring its motion to unseal after the underlying proceedings have ended. *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985) (third party intervened after judicially approved settlement in order to challenge sealing), *FDIC v. Ernst & Ernst*, 677 F.2d 230, 231-32 (2nd Cir. 1982) (third party intervened to challenge stipulated confidentiality order two years after settlement); *Mokhiber v. Davis*, 537 A.2d 1 100, 1104-06 (D.C. Cir. 1988) (reporter permitted to intervene four years after a judicially-approved consent decree in order to challenge a protective order); *Van Etten v. Bridgestone/Firestone, Inc.*, 117 F. Supp. 2d 1375 (S.D. Ga. 2000) (media intervened and compelled unsealing of records a year after settlement of a products liability case). Accordingly, as the Defendant has been resentenced and his case is closed, the CSFC has standing to bring this Motion before the Court requesting this Court to unseal evidence and transcripts related to the 2255 hearing.

## THE CSFC AND THE PUBLIC HAVE A RIGHT OF ACCESS TO THE DOCUMENTS AND TRANSCRIPTS ASSOCIATED WITH THE 2255 HEARING

The CSFC and the public at large have a right to access and review the documents associated with the 2255 hearing under the First Amendment and pursuant to common law.

### I. The First Amendment Provides A Right Of Access To Documents Related To The 2255 Hearing.

Long standing authority permits that the public a right of access to virtually all proceedings and records in a criminal case. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980) (criminal trial); *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596 (1982) (criminal trial); *Press Enterprise I*, 464 U.S. at 511, 513 (*voir dire* and transcripts); *Waller v. Georgia*, 467 U.S. 39 (1984) (suppression hearings); *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 15 (1986) ("*Press-Enterprise II*") (preliminary hearings). The Tenth Circuit has assumed that a First Amendment right of access applies to pretrial documents filed in a criminal case. *U.S. v. Gonzales*, 150 F.3d 1246, 1256 (10th Cir. 1997); *see also U.S. v. McVeigh*, 119 F.3d 806, 812 (10th Cir. 1997). "[T]he public and the press have a right of access to criminal proceedings and documents filed therein. The right of access is grounded in the First Amendment and in common law, and extends to documents filed in pretrial proceedings as well as in the trial itself." *CBS, Inc.*, 765 F.2d at 825 (citations omitted).

The Supreme Court has prescribed a two-part test for recognizing a constitutional right of access: (1) "the document is one which has historically been open to inspection by the press and the public; and, (2) 'public access plays a significant positive role in the functioning of the particular process in question.'" *McVeigh*, 119 F.3d at 812 (*quoting Press-Enterprise II*, 478 U.S. at 8). The information sought by the CSFC falls squarely into categories that the federal courts have acknowledged a right of access, such as motions, briefs, orders and transcripts from

pretrial hearings. *See, e.g., In re Time Inc.*, 182 F.3d 270, 271 (4th Cir. 1999) (pretrial motions and briefs, including discovery-related motions); *U.S. v. Ellis*, 90 F.3d 447, 451 (11th Cir. 1996) (transcripts of *in camera* hearings once the case was concluded); *Associated Press*, 705 F.2d at 1145 (all pretrial documents); *Seattle Times Co. v. U.S. Dist. Court.* 845 F.2d 1513, 1517 (9th Cir. 1988) (pretrial release proceedings and documents filed therein); *In re Washington Post*, 807 F.2d 383, 390 (4th Cir. 1986) (plea and sentencing documents in espionage case).

The second part of the test is met where public access to the document "would tend to operate as a curb on prosecutorial or judicial misconduct and would further the public's interest in understanding the criminal justice system." *In re Washington Post*, 807 F.2d at 389 (citing *Press-Enterprise II*, 478 U.S. at 8) (other citations omitted). Here, the Court decided to significantly reduce Defendant's sentence based on evidence admitted during the 2255 hearing. To provide the public with a better understanding of the judicial system and the Court's decision regarding Defendant's sentence and to enable the CSFC to assess the extent to which its ministry has been maligned by the self-serving testimony provided by or on behalf of the Defendant, unsealing is warranted in this case.

Additionally and notably, while both above factors must be considered, the Supreme Court and other circuits have held that it is not mandatory that a document meet both prongs for the First Amendment right of access to attach. *Globe Newspaper Co.*, 457 U.S. at 605 n. 13 (recognizing right of access to testimony of minor sex crimes victim despite lack of history of access); *Seattle Times*, 845 F.2d at 1516 (same regarding bail proceedings); *U.S. v. Brooklier*, 685 F.2d 1162, 1170 (9th Cir. 1982) (same regarding suppression hearings). Especially in a criminal trial, a lack of a tradition of access to a particular document or proceeding cannot alone justify sealing. *Globe Newspaper Co.*, 457 U.S. at 605 n. 13 (the argument that a specific

proceeding did not enjoy a tradition of public access was "unavailing" because "as a general matter criminal trials have long been presumptively open"). Rather, the Court must consider whether, in the context of our modern justice system, public access serves society's general interest in open trials and an accountable judiciary. *Brooklier*, 685 F.2d at 1170. Because "the first amendment is to be interpreted in light of current values and conditions," and in light of the "increasing importance of pretrial procedures in the modern era," a right of access attaches even to records not traditionally open where, as here, the value of access is apparent. *Id.* Therefore, even if the Court finds that some documents under seal in this case do not have a long tradition of access, the First Amendment right would still attach because public access subjects the judiciary to "healthy public scrutiny," *Seattle Times*, 845 F.2d at 1516, and is crucial to a full understanding of the way in which "the judicial process" is functioning. *Associated Press*, 705 F.2d at 1145.

## II. The Common Law Provides A Right Of Access To Documents Related To The 2255 Hearing

The public also has a common law right to inspect and copy public records and documents, including judicial records and documents. *U.S. v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985); *Nixon*, 435 U.S. at 598. The common law right of access is separate and independent from the constitutional right, and attaches, presumptively, to all documents filed in a criminal or civil case. *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 409 (1st Cir. 1987) ("documents which are submitted to, and accepted by, a court of competent jurisdiction in the course of adjudicatory proceedings, become documents to which the presumption of public access applies"). The common law right attaches even where the court does not reach the constitutional issue or does not find a constitutional right of access. *U.S. v. Schlette*, 842 F.2d 1574, 1582-83

(9th Cir. 1988); *Valley Broadcasting Co.*, 798 F.2d at 1293; *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 63-64 (4th Cir. 1989).

　　To assert a common law right, the CSFC merely needs to make a threshold showing of a legitimate need for disclosure. *U.S. v. Kaczynski*, 154 F.3d 930, 931 (9th Cir. 1998). Here, where Defendant's sentence was reduced significantly by the Court, the requested unsealing will serve the ends of justice by "[m]aking the public aware of how the criminal justice system functions," *Schlette*, 842 F.2d at 1583. The burden then shifts to the parties that requested the sealing of the documents to articulate a "legitimate reason for preserving ... secrecy," *Id*. This "legitimate reason" must outweigh the public's "overriding concern with preserving the integrity of the law enforcement and judicial processes," *Hickey*, 767 F.2d at 708 (internal citations omitted).

## **CONCLUSION**

The documents related to the 2255 hearing should be immediately unsealed to prevent any further violation of the constitutional and common law rights of the CSFC and the public.

WHEREFORE, for all of the foregoing reasons, the CSFC respectfully requests that this Court grant this Motion and lift all sealing orders related to all documents associated with, and introduced at, the Defendant's 2255 hearing, along with the immediate unsealing of the transcript associated with the hearing forthwith, or in the alternative, that the Court hold a hearing on the relief requested in this Motion.

Respectfully submitted,

**Driskell, Fitz-Gerald & Ray, L.L.C.**

s/ *Patrick Fitz-Gerald*

Patrick Fitz-Gerald, Atty. Reg. No. 36848
1544 N. Downing St.
Denver, Colorado 80218
Telephone: 303-860-7353
Fax:  303-997-9246
E-mail: pfg@trialdenver.com
*ATTORNEY FOR THE COLORADO*
*SPRINGS FELLOWSHIP CHURCH*

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2018, a true and correct copy of the above Motion was filed and served by ECF and/or electronic mail as follows:

Matthew T. Kirsch
Assistant U.S. Attorney
1225 17th Street, Suite 700
Denver, CO 80202
matthew.kirsch@usdoj.gov

Patrice B. Collins
Collins & Collins, LLC
700 17th Street, Suite 1820
Denver, CO 80202
patricec@lawcc.us

s/ Samantha Rico
Legal Assistant to Patrick Fitz-Gerald